# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>NEW YORK STATE UNITED TEACHERS; BOCES EDUCATORS OF EASTERN SUFFOLK, AFT LOCAL 3037, NYSUT LOCAL 22-220; BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF THE FIRST SUPERVISORY DISTRICT OF SUFFOLK COUNTY,<br><br>    Defendants. | **Case No. 2:21-cv-5070**<br><br>(Hon. _____)<br><br>**COMPLAINT** |

AND NOW comes Plaintiff Lynne Garcia, by and through her undersigned attorneys, and states the following claims for relief against Defendants New York State United Teachers ("NYSUT") and BOCES Educators of Eastern Suffolk, AFT Local 3037, NYSUT Local 22-220, ("BEES") (referred to collectively as "Defendant Unions"); and Board of Cooperative Educational Services of the First Supervisory District of Suffolk County ("Eastern Suffolk BOCES"), and alleges as follows:

## SUMMARY OF THE CASE

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief to redress the deprivation of Plaintiff's rights, privileges, and/or immunities under the First and Fourteenth Amendments of the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, including the state's Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law, Article 14 (the "Taylor Law"), under which Defendants had union dues or fees seized from Plaintiff's wages even though she is a nonmember public employee who objects to financially supporting Defendant Unions.

2. The United States Supreme Court held that the First Amendment of the United States Constitution prohibits the government and unions from compelling nonmember public employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). Defendants violated Plaintiff's constitutional rights by deducting and accepting payments of union dues or fees from her wages without her consent.

3. Despite Plaintiff's acknowledged resignation from union membership and nonmember status, Defendants continued to seize and to accept union dues or fees from Plaintiff's wages as a condition of employment after Plaintiff became a nonmember.

4. Defendants' concerted conduct violates Plaintiff's First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

5. Additionally, Defendants acted in concert, by and through their agents and officials, to deduct and to accept union dues or fees from Plaintiff's wages without providing her any meaningful notice or opportunity to object to the ongoing deductions, the process by which the money was deducted, or the ways in which her money is used. These omissions violate Plaintiff's Fourteenth Amendment right to due process.

6. Because Defendants deducted union dues or fees from Plaintiff's wages in violation of her constitutional rights, Plaintiff seeks injunctive and declaratory relief against all Defendants, as well as compensatory and nominal damages, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States of America, including the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under

color of state law, of Plaintiff's rights, privileges, and immunities under the United States Constitution, particularly the First and Fourteenth Amendments thereto, as well as 42 U.S.C. § 1988.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331—because her claims arise under the United States Constitution—and 28 U.S.C. § 1343—because she seeks relief under 42 U.S.C. § 1983.

9. This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the United States Constitution. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary and proper relief, including injunctive relief, under Federal Rule of Civil Procedure 65.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because one or more defendants are domiciled in, and operate or do significant business in, this judicial district, and a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

## PARTIES

11. Plaintiff Lynne Garcia is, and was at all times relevant hereto, a "public employee" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.7. Plaintiff is employed by Eastern Suffolk BOCES in a bargaining unit represented exclusively for purposes of collective bargaining by Defendant BEES. Plaintiff was a member of Defendant Unions but is no longer a member of Defendant Unions since the date of her resignation.

12. Defendant NYSUT is an "employee organization" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.5. NYSUT maintains a place of business at 800 Troy-Schenectady Road, Latham, New York and conducts its business and operations throughout the State of New York, including in the Eastern District of New York.

13. Defendant BEES is an "employee organization" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.5, and is a local affiliate of NYSUT. Pursuant to the collective

3

bargaining agreement ("CBA") between BEES and Defendant Eastern Suffolk BOCES, BEES represents Plaintiff exclusively for purposes of collective bargaining. BEES maintains a place of business at 440 Waverly Avenue, Suite 12, Patchogue, New York and conducts its business and operations throughout the State of New York, including in the Eastern District of New York.

14. Defendant Eastern Suffolk BOCES is a "public employer" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.6. Eastern Suffolk BOCES issues wages to its employees, including Plaintiff, and processed payroll deductions of union dues for Defendant Unions from Plaintiff's wages pursuant to the requirements of the Taylor Law and the CBA. Eastern Suffolk BOCES entered into the CBA that governs the terms and conditions of Plaintiff's employment with Defendant BEES and recognizes BEES as Plaintiff's exclusive representative pursuant to the CBA and the Taylor Law.

## FACTUAL ALLEGATIONS

15. Acting in concert under color of state law, Defendants BEES and Eastern Suffolk BOCES have entered into a CBA that controls the terms and conditions of Plaintiff's employment. Relevant portions of the CBA are attached hereto as "Exhibit A" and incorporated by reference herein.

16. Article 2 of the CBA provides that Eastern Suffolk BOCES recognizes Defendant BEES "as the exclusive negotiating agent for the teachers" in Plaintiff's bargaining unit. Ex. A, art. 2, sec. A (1).

17. Article 4, Section H of the CBA provides that "[i]f an employee has initially enrolled in the Association and affiliated organizations (and takes advantage of dues deduction), these deductions will be made automatically until the individual notifies the Association and the Payroll Department in accordance with the Associations enrollment form signed by the employee, that no deductions are to be made." Ex. A.

4

18. State law requires Plaintiff's employer, Defendant Eastern Suffolk BOCES, to extend to Defendant Unions the right to dues deductions from the wages of its employees.

19. Specifically, the Taylor Law provides that "[a] public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights: . . . (b) to membership dues deduction, upon presentation of dues deduction authorization cards signed by individual employees. . . ." N.Y. Civ. Serv. Law § 208.1.

20. The Taylor Law also provides that "[t]he right to such membership dues deduction shall remain in full force and effect until: (i) an individual employee revokes membership in the employee organization in writing in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208.1.

21. Plaintiff became a member of Defendant Unions after beginning her public employment for Defendant Eastern Suffolk BOCES in or about 2017.

22. Plaintiff resigned her membership in Defendant Unions and sought to end union dues deductions on or about October 31, 2020, via certified letters mailed to Defendants NYSUT and Eastern Suffolk BOCES.

23. After receiving no response to her resignation letters, Plaintiff emailed Jill Diamond, Director of Human Resources for Defendant Eastern Suffolk BOCES, regarding the status of her resignation, and Ms. Diamond stated that "[t]his is not something that is regulated by Human Resources," and told her to contact her union representatives.

24. On December 30, 2020, Ms. Asha Mazza-Shaw, Executive Vice President of Defendant BEES, emailed Plaintiff "in response to the email that [Plaintiff] sent Jill Diamond in HR."

25. Ms. Mazza-Shaw claimed that Plaintiff was "essentially getting a 'free ride' on the backs of [her] colleagues who pay their dues."

26. Ms. Mazza-Shaw further informed Plaintiff that "[i]f you wish to unenroll from the union you will need to send a certified letter by mail to the union office addressed to the union president during the month of August. That is the only month that members can be unenrolled from dues deductions."

27. Defendant Unions now claim to have accepted and processed Plaintiff's resignation as of the date of her resignation, October 31, 2020.

28. Nevertheless, Defendants continued to seize, process, accept, and/or retain union dues or fees from Plaintiff's wages until on or about June 18, 2021.

29. As a nonmember of Defendant Unions, Plaintiff did not receive union member benefits while her deductions were ongoing from the date of her resignation until the date they ceased.

30. However, Defendants continued to deduct, process, and accept union dues or fees from Plaintiff's wages even after recognizing her resignation from Defendant Unions.

31. Defendants claim that Plaintiff's membership agreement, attached hereto as Exhibit B, entitled Defendants to continue deducting financial support for Defendant Unions despite Plaintiff's resignation, revocation of dues deduction authorization, and nonmember status.

32. The membership agreement contains no notice of or request for waiver of any constitutional rights.

33. Defendants never provided Plaintiff with written notice of her constitutional right as a nonmember to choose not to pay any union dues or fees to Defendant Unions.

34. Defendants never provided Plaintiff with written notice of her constitutional right to due process, including notice and an opportunity to object to how any nonconsensual union dues or fees deducted from her wages are spent.

35. Neither Defendants nor any agent or official thereof asked Plaintiff while a nonmember to agree to pay union dues or fees to Defendant Unions or to otherwise waive any constitutional rights following her union membership resignation.

36. Plaintiff never waived her right not to pay union dues or fees to Defendant Unions when she was not a member of Defendant Unions.

37. Defendants, acting in concert pursuant to the CBA, the Taylor Law, and/or their joint policies and practices, refused to immediately end union dues deductions from Plaintiff's wages upon her resignation from Defendant Unions.

38. Defendants, pursuant to the CBA, the Taylor Law, and/or their joint policies and practices, acted and are acting in concert under color of state law to collect, distribute, accept, and/or retain union dues or fees deducted from Plaintiff's wages even though Defendants acknowledge that she is not a member of Defendant Unions as of the date of her resignation.

39. From the date of Plaintiff's resignation through on or about June 18, 2021, Defendant Unions continued to take, receive, and/or accept purported union dues or fees from Plaintiff's wages against her will and without her consent.

40. From the date of Plaintiff's resignation through on or about June 18, 2021, Defendant Eastern Suffolk BOCES, acting in concert with Defendant Unions, continued to deduct purported union dues or fees from Plaintiff's wages against her will and without her consent.

41. Defendants, acting in concert under color of state law, have not provided Plaintiff meaningful notice or opportunity to object to union dues or fees deductions, the process by which the money is deducted, or the ways in which her money is spent.

42. Upon information and belief, Defendant Unions use the financial support forcibly seized from Plaintiff while she was a nonmember for purposes of political speech and activity, among other purposes to which Plaintiff objects.

43. Defendants retain monies deducted from Plaintiff's wages by Defendant Eastern Suffolk BOCES after Plaintiff resigned her union membership.

44. Plaintiff objects to the compelled association with and financial subsidization of any activities of Defendant Unions and/or their affiliates for any purpose.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

45. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The First Amendment to the United States Constitution protects associational, free speech, and free choice rights, and the Fourteenth Amendment incorporates the protections of the First Amendment against the States.

47. The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

48. Section 208 of the Taylor Law and the CBA, on their face and/or as applied by Defendants, authorize and/or require Defendant Eastern Suffolk BOCES, by and through its agents, and Defendant Unions to force public employees to remain full dues payers despite their nonmember status and expressed intention to end financial support of a union, in violation of employees' rights under the First Amendment.

49. Sections 201 and 208 of the Taylor Law, facially and/or as applied by Defendants, permit Defendants to require public employees to maintain unwilling allegiance to and financial support of an employee organization, such as Defendant Unions, and is, therefore, unconstitutional.

50. Defendants' actions, taken pursuant to the Taylor Law, the CBA, and their joint policies and practices, under color of state law, impinge on Plaintiff's exercise of her rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

51. The Taylor Law, on its face and/or as applied by Defendants, authorizes Defendants to violate Plaintiff's constitutional rights by deducting union dues or fees from her wages without her consent in violation of the United States Constitution as explained in *Janus*.

52. Because Plaintiff is a nonmember employed in a bargaining unit represented exclusively for collective bargaining by Defendant BEES, the First Amendment protects her from being forced to financially support or otherwise be associated with Defendant Unions and from having Defendant Eastern Suffolk BOCES deduct nonconsensual financial support for Defendant Unions from her wages.

53. Because Plaintiff is not a member of Defendant Unions, the First Amendment protects her from having nonconsensual financial support deducted from her wages for Defendant Unions.

54. A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

55. Plaintiff has not waived her constitutional right as a nonmember not to provide financial support via payroll deduction or other method to Defendant Unions.

56. Plaintiff has not waived her constitutional right not to financially support Defendant Unions after she became a nonmember following her resignation of membership in Defendant Unions.

57. Defendant Unions acted and are acting in concert and under color of state law with Defendant Eastern Suffolk BOCES, by and through their agents, to seize, process, accept, and/or retain union dues or fees deducted from Plaintiff's wages after she became a nonmember.

58. These forced payroll deductions and the continued retention of monies deducted from Plaintiff's wages after her union membership resignation violate Plaintiff's rights protected by the First and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. § 1983 by forcing her to financially support Defendant Unions' political activities and speech without her consent.

59. Defendants, by deducting and collecting financial support from Plaintiff via payroll deduction despite her revocation of consent to dues deductions, deprived and are depriving Plaintiff of her First Amendment rights to free speech and association as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

60. As a direct result of Defendants' concerted actions, taken pursuant to state law, the CBA, and their joint policies and practices, Plaintiff:

    a. was prevented from exercising her rights and privileges not to fund and support the agenda, activities, expenses, and speech of a private organization;

    b. was deprived of her civil rights guaranteed under the Constitution and statutes of the United States; and

    c. has suffered monetary damages and other harm.

**COUNT TWO**
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

61. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

62. The Fourteenth Amendment of the United States Constitution guarantees due process to persons facing deprivation of liberty or property by state actors. *See Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976).

63. Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and that facilitate the protection of public employees' rights. *See Chi. Tchrs. Union, Loc. No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

64. Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiff's constitutional rights, including the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from her as recognized in *Hudson*.

65. Defendants have not provided Plaintiff with notice of or a meaningful opportunity to object to the seizure of a portion of her wages via payroll deductions by Defendant Eastern Suffolk BOCES or the use of her monies by Defendant Unions.

66. Plaintiff has never waived her due process rights, including her right not to subsidize the speech and activities of Defendant Unions.

67. As a result of Defendants' failure to provide procedural safeguards to protect Plaintiff's due process rights, Plaintiff was forced to pay fees, even though she is a nonmember of Defendant Unions.

68. As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, and their joint policies and practices, Plaintiff:

    a. is being prevented from exercising her rights and privileges to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization that she objects to supporting;

    b. is being deprived of her civil rights guaranteed under the Constitution and statutes of the United States and has suffered monetary damages and other harm; and

    c. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights for which there is no adequate remedy at law.

69. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing her irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i. that Defendants' actions in forcing Plaintiff, as a nonmember, to provide financial support to Defendant Unions, and Sections 201 and 208 of the Taylor Law, to the extent they relate to, authorize, and/or require Defendants to do so, on their face and/or as applied, violate the First and Fourteenth Amendments of the United States Constitution;

    ii. that any taking and/or retention of union dues or fees from Plaintiff after her resignation of membership in Defendant Unions and without proper constitutional notice

and waiver violates her rights under the First and Fourteenth Amendments of the United States Constitution, and that any provisions in the Taylor Law, the CBA, or any other purported authorizations that allow or require such deductions of union dues or fees are unconstitutional;

  iii. or, alternatively, that the First and Fourteenth Amendments require Defendant Unions to provide Plaintiff with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from her wages and the purposes for which the monies are used, including the notice and procedures required by *Hudson*.

 B. **Injunctive:** A permanent injunction requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them:

  i. not to enforce against Plaintiff any provisions in the Taylor Law, the CBA, or any other purported authorizations for deducting dues or fees that required her to provide financial support of Defendant Unions and/or their affiliates after resignation of her union membership without proper constitutional notice and waiver, or to otherwise engage in conduct or enforce any provisions of the Taylor Law or the CBA declared unconstitutional under Part A;

  ii. not to retain any money from Plaintiff in the form of union dues or fees deducted from her wages, or otherwise to seek to enforce the terms of any purported authorizations for deducting dues;

  iii. or, alternatively, to provide constitutionally adequate notice and procedures regarding Eastern Suffolk BOCES's payroll deductions of forced financial support for Defendant Unions from Plaintiff's wages.

C. **Monetary:** A judgment against Defendants awarding Plaintiff nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of her constitutional and civil rights including, but not limited to, the amount of dues deducted from her wages after her resignation of union membership, plus interest thereon, and such amounts as principles of justice and compensation warrant.

D. **Attorneys' Fees and Costs:** A judgment awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

E. **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 10, 2021

**s/ Tyler K. Patterson**
Tyler K. Patterson, Bar Number: 701528
Email: tkpatterson@fairnesscenter.org
Nathan J. McGrath*
Email: njmcgrath@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*

*motion for admission *pro hac vice* to be filed